TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

DEBRA J. CARFORA
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 514-2640
Fax: (202) 514-8865
Email: debra.carfora@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ASBESTOS DISEASE AWARENESS ORGANIZATION et al., | |
| *Plaintiffs,* | Case No. 4:21-CV-03716-SBA |
| v. | **CONSENT DECREE** |
| MICHAEL S. REGAN, et al., | |
| *Defendants.* | |

WHEREAS, in 2016, Congress amended the Toxic Substances Control Act (TSCA) to create a new integrated process for prioritizing chemical substances, conducting risk evaluations to determine whether these chemical substances present an unreasonable risk to health and the environment, and promulgating rules that restrict these substances to the extent necessary so that they no longer present such unreasonable risks;

WHEREAS, in December 2016, as required by section 6(b)(2)(A) of TSCA, the Environmental Protection Agency (EPA) designated asbestos as one of the first ten chemical substances for risk evaluation and, by that designation, initiated the TSCA risk-evaluation process, 81 Fed. Reg. 91,927 (Dec. 19, 2016). Under section 6(b)(4) of TSCA, the purpose of EPA's risk evaluation was to determine whether asbestos presents an unreasonable risk of injury to health or the environment, without consideration of costs or other nonrisk factors, including an unreasonable risk to a potentially exposed or susceptible subpopulation identified as relevant to the risk evaluation by EPA, under the conditions of use, 15 U.S.C. § 2605(b)(4)(A);

WHEREAS, under section 6(b)(4)(G) of TSCA, EPA must complete a risk evaluation no later than 3 years from the date of initiation and may extend this deadline for not more than 6 months;

WHEREAS, in June 2017, EPA published the scope of the risk evaluation for asbestos ("Scope Document"), as required by 15 U.S.C. § 2605(b)(4)(D). The Scope Document includes the hazards, exposures, conditions of use, and potentially exposed or susceptible subpopulations that EPA expects to consider in the risk evaluation, *id*.;

WHEREAS, in July 2018, EPA published and took public comment on a problem formulation document to refine the conditions of use, exposures and hazards presented in the scope of the risk evaluation for asbestos;

WHEREAS, consistent with statements in the preamble to the *Procedures for Chemical Risk Evaluation Under the Amended Toxic Substances Control Act*, 82 Fed. Reg. 33,726 (July 20, 2017) (Risk Evaluation Rule), the scope document and problem formulation for asbestos excluded legacy uses, associated disposals, and legacy disposals from inclusion in the risk evaluation because EPA did not consider "legacy activities" to be conditions of use;

WHEREAS, in November 2019, the United States Court of Appeals for the Ninth Circuit held that "TSCA's definition of 'conditions of use' clearly includes uses and future disposals of

CONSENT DECREE
Case No. 4:21-CV-03716-SBA

chemicals even if those chemicals were only historically manufactured for those uses. EPA's exclusion of legacy uses and associated disposals from the definition of 'conditions of use' is therefore unlawful." The Court also held that "TSCA unambiguously does not require past disposals to be considered conditions of use." *Safer Chemicals, Healthy Fams. v. EPA*, 943 F.3d 397, 425 (9th Cir. 2019);

WHEREAS, on March 30, 2020, EPA made the draft risk evaluation (DRE) of asbestos available for public and scientific peer review;

WHEREAS, the DRE did not address the risks of legacy asbestos use and associated disposal;

WHEREAS, EPA issued a final risk evaluation for Asbestos Part 1 (Chrysotile Asbestos) on January 4, 2021 (86 Fed. Reg. 89) that was limited to ongoing conditions of use of chrysotile asbestos, the only asbestos fiber type that EPA identified as currently being imported, processed, or distributed in the United States;

WHEREAS, at the same time, the Agency announced that, in response to the 2019 Ninth Circuit decision, it would conduct a Part 2 evaluation addressing legacy uses and associated disposal of asbestos and indicated that, together, the two Parts would comprise the full risk evaluation for asbestos required under TSCA;

WHEREAS, EPA has initiated the scoping process for Part 2 of the asbestos risk evaluation to identify the conditions of use, exposures, hazards, and the potentially exposed or susceptible subpopulations EPA expects to consider in Part 2. The draft scope document is currently under development. After review and consideration of public comments, EPA will revise, where appropriate, and publish a final scope document clarifying the conditions of use that EPA expects to evaluate and describing how EPA expects to conduct Part 2 of the risk evaluation;

WHEREAS, EPA currently anticipates that it will publish a draft scope document for Part 2: Legacy Uses and Associated Disposals for Asbestos by December 31, 2021;

WHEREAS, EPA currently anticipates that it will publish a final scope document for Part 2: Legacy Uses and Associated Disposals for Asbestos by June 30, 2022;

WHEREAS, subsequent to finalizing the scope, EPA will complete Part 2 of the risk evaluation for asbestos.

3

WHEREAS, completion of the full risk evaluation for asbestos will exceed the time prescribed in section 6(b)(4)(G) of TSCA;

WHEREAS, section 20(a)(2) of TSCA, 15 U.S.C. § 2619(a)(2), provides that any person may commence a civil action against the Administrator "to compel [him] to perform any act or duty under this Act which is not discretionary";

WHEREAS, suits under section 20(a)(2) may be brought in the district court where the plaintiff is domiciled and may be filed 60 days after the plaintiff has "given notice to the Administrator of the alleged failure of [his] alleged failure to perform an act or duty which is the basis for such action";

WHEREAS, after providing notice to the Administrator on January 26, 2021, Plaintiffs Asbestos Disease Awareness Organization, American Public Health Association, Center for Environmental Health, Environmental Information Association, Safer Chemicals Healthy Families - A Program of Toxic-Free Future, Vermont Public Interest Research Group, Barry Castleman, ScD, Raja Flores, MD, Arthur Frank, MD, PhD, Phillip Landrigan, MD, MSc, Richard Lemen, PhD, MSPH, and Celeste Monforton, DrPH, MPH (collectively, "Plaintiffs") filed this action pursuant to section 20(a)(2) of TSCA on, May 18, 2021;

WHEREAS, Plaintiffs' complaint alleges that Defendants, the United States Environmental Protection Agency and Michael S. Regan, in his official capacity as Administrator (collectively, "EPA"), failed to perform a non-discretionary duty under TSCA § 6(b)(4)(G), 15 U.S.C. § 2605(b)(4)(G), to complete the risk evaluation of asbestos by June 19, 2020, by failing to evaluate the risks of use and disposal of legacy asbestos;

WHEREAS, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 2619(a)(2);

WHEREAS, Plaintiffs and EPA (collectively, "the Parties") wish to effect a settlement of the above-captioned matter by establishing enforceable deadlines for the Part 2 evaluation;

WHEREAS, the Parties agree that it is in their interests to effect a settlement of this matter without expensive and protracted litigation and without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, the Parties consider this Consent Decree to be an adequate and equitable resolution of the claims in the above-captioned matter;

4

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with TSCA, 15 U.S.C. §§ 2601-2697;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.  On or before December 1, 2024, EPA shall complete Part 2 of its risk evaluation of asbestos (Legacy Uses and Associated Disposals of Asbestos), pursuant to 15 U.S.C. § 2605(b)(4)(G).

2.  Except as provided in Paragraph 13, extension of a deadline set forth herein may be effectuated only by (a) written stipulation of the Parties with notice to the Court, or (b) by the Court following motion of any party to this Consent Decree, pursuant to the Federal Rules of Civil Procedure, and upon consideration of any response by the non-moving party.

3.  EPA shall file status reports with the Court at six-month intervals from the entry of decree detailing its progress in completing the Part 2 risk evaluation.

4.  If EPA anticipates failing to meet any deadline set forth herein, it shall contact plaintiffs as soon as reasonably practicable and the parties shall confer about the reason for the delay and the terms of a stipulation extending the deadline.

5.  If the parties are unable to reach agreement on such a stipulation and EPA files a motion to extend a deadline set forth herein, it shall file that motion at least 60 days before the applicable deadline occurs and, if that is not reasonably practicable, as soon as possible after concluding that a deadline extension is necessary.

6.  Plaintiffs and EPA shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

7.  The deadline for filing a motion for costs of litigation, including attorneys' fees, incurred prior to entry of this Consent Decree is hereby extended until sixty (60) days after the entry of this Consent Decree by this Court. During this time, the Parties shall seek to resolve informally any claim for costs of litigation, including attorneys' fees, and if they cannot, will submit that issue to this Court for resolution. The United States does not waive or limit any defenses it may have to such claim. This Court shall retain jurisdiction to resolve any requests for costs of litigation, including attorneys' fees.

8.    Plaintiffs and EPA agree that this Consent Decree shall constitute a complete and final settlement of all claims that Plaintiffs have asserted against the United States, including EPA, under any provision of law in connection with *Asbestos Disease Awareness Organization et al. v. Regan et al.*, Civil Case No. 4:21-CV-03716-SBA (N.D. Cal.), except as provided in Paragraph 7 of this Consent Decree. Plaintiffs therefore discharge and covenant not to sue the United States, including EPA, for any such claims.

9.    Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by TSCA or by general principles of administrative law in taking the actions that are the subject of this Consent Decree, including discretion to alter, amend, or revise any responses or final action contemplated by this Consent Decree. EPA's obligation to perform the action specified in Paragraph 1 of this Consent Decree by the time specified therein does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

10.   Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor as a waiver or limitation regarding any claim or defense, on any grounds, related to any final action EPA may take with respect to the risk evaluation of asbestos.

11.   Nothing in this Consent Decree shall be construed to confer upon the District Court jurisdiction to review any final decision made by EPA pursuant to this Consent Decree. Nothing in this Consent Decree shall be construed to confer upon the District Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Court of Appeals pursuant to TSCA section 19, 15 U.S.C. § 2618. Nothing in the terms of this Consent Decree shall be construed to waive any remedies or defenses the Parties may have under TSCA section 19, 15 U.S.C. § 2618.

12.   The obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

13.   If a lapse in EPA appropriations occurs within one hundred twenty (120) days prior to the deadline in Paragraph 1 in this Decree, that deadline shall be extended automatically one day for each day of the lapse in appropriations. Nothing in this Paragraph shall preclude EPA

from seeking an additional extension of time through modification of this Consent Decree pursuant to Paragraph 2.

14.  In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing Party shall provide the other Party with a written notice outlining the nature of the dispute and requesting informal negotiations.  If the Parties cannot reach an agreed-upon resolution within twenty (20) business days after receipt of the notice, any party may move the Court to resolve the dispute.

15.  No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be filed unless Plaintiffs have followed the procedure set forth in Paragraph 14.

16.  Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail or other means, and sent to the following (or to any new address of counsel as filed and listed in the docket of the above-captioned matter, at a future date):

For Plaintiffs:
Robert M. Sussman
Sussman & Associates
3101 Garfield Street, NW
Washington, DC 20008
(202) 716-0118
bobsussman1@comcast.net

For EPA:
Susanna W. Blair, PhD
Special Assistant/Advisor
Office of Pollution Prevention and Toxics
William Jefferson Clinton Building - East, MC7401M
Washington DC 20460
202.564.4371 (office) | 202.322.0538 (cell) |
Blair.susanna@epa.gov

Debra J. Carfora
United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 616-9174
debra.carfora@usdoj.gov

17. The Court shall retain jurisdiction to determine and effect compliance with this Consent Decree. When EPA's obligations under Paragraph 1 of this Consent Decree is complete, and Plaintiffs' claim for costs of litigation has been resolved pursuant to Paragraph 7, the above-captioned matter shall be dismissed with prejudice. The Parties may either jointly notify the Court that the Consent Decree should be terminated and the case dismissed, or EPA may so notify the Court by motion. If EPA notifies the Court by motion, then Plaintiffs shall have twenty (20) days in which to respond.

18. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiffs and EPA and that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

19. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either party, and the terms of this Consent Decree may not be used as evidence in any litigation between the parties.

20. The undersigned representative of each Party certifies that he or she is fully authorized to bind that Party to the terms of this Consent Decree.

SO ORDERED on this ___ day of _____, 2021.


DATED:                          _____
                                Phyllis J. Hamilton
                                United States District Judge

1  SO AGREED:

2

3

4  FOR PLAINTIFF

5

6

7

8

ROBERT M. SUSSMAN
Sussman & Associates
3101 Garfield Street, NW
Washington, DC 20008
(202) 716-0118
bobsussman1@comcast.net

*Attorney for Plaintiffs*

9

10

DATED:

OCTOBER 12, 2021

11

12  FOR DEFENDANT

13

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

14

15

16

17

DEBRA J. CARFORA
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 616-9174
Email: debra.carfora@usdoj.gov

18

19

20

*Attorneys for Defendants*

DATED:

OCTOBER 12, 2021

21

22

23

24

25

26

27

28

9

CONSENT DECREE
Case No. 4:21-CV-03716-SBA